FILED
2010 Feb-02 PM 03:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ENERGEN CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CERTAINTEED CORPORATION, | ) CIVIL ACTION NO. |
| and ENERGY CONVERSION | ) |
| DEVICES, INC. | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Energen Corporation ("Energen"), for its Complaint against defendants CertainTeed Corporation ("CertainTeed") and Energy Conversion Devices, Inc. ("Energy Conversion Devices") states as follows:

**PARTIES, JURISDICTION & VENUE**

1. Energen is a corporation organized and existing under the laws of the State of Alabama, with its principal place of business in Birmingham, Alabama. Energen is a publicly traded, diversified energy company. Energen owns the federally registered mark ENERGEN.

2.      Defendant CertainTeed is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Pennsylvania.

3.      Defendant Energy Conversion Devices is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Michigan.

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1338 and 15 U.S.C. § 1121, in that this is an action arising under of the Lanham Act, 15 U.S.C. §§ 1051-1127. This Court has supplemental jurisdiction over Energen's state law claims pursuant to 28 U.S.C. § 1338(b) and § 1367(a), because those claims are joined with a substantial and related claim under the Lanham Act. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and because the matter is between citizens of different states.

5.      Venue for this action is proper in this judicial district pursuant to 28 U.S.C. § 1391, in that one of the defendants resides or may be found in this judicial district, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this judicial district.

## FACTUAL BACKGROUND

6. Energen is the owner of the service mark ENERGEN, which has been used by Energen and its subsidiaries for many years to identify the energy services it offers; namely, distribution of natural gas, oil and gas production services, and oil and gas exploration services. After a number of years of continuous use, Energen first registered the ENERGEN mark on the Principal Register of the United States Patent & Trademark Office on August 18, 1998 (Reg. No. 2,182,000) (the "ENERGEN Registration"). The ENERGEN name and mark has been in exclusive and continuous use by Energen and its subsidiaries to identify their energy services since first putting the mark into use. Through the continuous and exclusive use of the ENERGEN mark by Energen, the ENERGEN Registration (Reg. No. 2,182,000) has become incontestable pursuant to 15 U.S.C. § 1065.

7. Energen is a diversified energy company located in Birmingham, Alabama. It is engaged primarily in the development, acquisition, exploration and production of oil, natural gas and natural gas liquids in the continental United States and in the purchase, distribution and sale of natural gas in central and north Alabama. Through its subsidiary, Energen Resources Corporation it engages in the exploration and production of oil and natural gas. Through another subsidiary, Alabama Gas Corporation, it distributes natural gas,

providing clean-burning energy efficient natural gas to about 450,000 homes, businesses, and industries. It is the largest natural gas distributor in the State of Alabama. On its website and in other advertising and marketing materials, Alabama Gas Corporation is identified as "an Energen company."

8. Among investors and the consuming public, the ENERGEN mark has become associated with high quality services. Its energy operations have expanded over the last decade with the exploration of additional energy reserves. Through its advances in exploration and production technology, Energen is viewed as an innovator in the energy market.

9. Energen is at the forefront of the environmentally friendly, or "green" building movement. In conjunction with builders, contractors, and owners, Energen has been involved with the outfitting of new home construction that is built to nationally and regionally established environmental building standards, such as those of the National Association of Home Builders ("NAHB") Green Building Program, the Home Builders Association of Alabama, and ENERGY STAR®, a national rating program for a home's appliances and heating and cooling systems. ENERGY STAR® is a registered trademark and certification mark of the United States Environmetal Protection Agency, which is not a party to this lawsuit.

10. Homes that are built to established environmental building standards contain a number of common characteristics aimed at promoting energy efficiency.

Energy-efficient qualities of a green home may include a mixture of characteristics, including appliances and water heating systems with ENERGY STAR® ratings, often powered by clean and energy-efficient natural gas. A green home also may employ renewable energy sources, such as photovoltaic (solar-powered) electrical systems.

11. Green homes may use a variety of energy-efficient systems. For example, a single home may be equipped with a natural gas clothes dryer, a high-efficiency natural gas furnace, a natural gas cooktop, and a natural gas water heaters, but may also use solar energy for electrical needs. Installing high-efficiency natural gas appliances, alone or in conjunction with other energy efficient or renewable energy products helps builders achieve green building certifications.

12. Energy Conversion Devices manufactures and sells thin-film solar laminates that convert sunlight to energy. Energy Conversion Devices' products are used, among other applications, in home building for roofing applications.

13. CertainTeed is a manufacturer of residential and commercial building products. Among other things, its products include roofing, vinyl siding, and fiberglass insulation.

14. In recent years, CertainTeed has attempted to position itself in the "green" building movement through development and sale of sustainable building

products and systems. CertainTeed asserts that it manufactures and sells a range of products that are aimed at assisting home builders, contractors, and owners satisfy the NAHB Green Building Program standards.

15. One such product is the product identified by the trademark that is at the heart of this lawsuit, CertainTeed's new "Energen" photovoltaic roofing panel for residential applications – in other words, a solar panel system.

16. As described by CertainTeed, the "Energen" roofing system integrates photovoltaic laminates (solar panels) manufactured by defendant Energy Conversion Devices with traditional asphalt roofing shingles.

17. The production, offering for sale, and sale of the EnerGen photovoltaic solar power roofing system is the activity of a joint venture relationship between CertainTeed and Energy Conversion Devices to develop roofing-integrated photovoltaic products for the residential market.

18. Energen first became aware of CertainTeed and Energy Conversion Devices' wrongful use and appropriation of the ENERGEN mark shortly before the 2010 International Builders' Show in Las Vegas, Nevada, held on January 19-22, 2010.

19. The International Builders' Show is the largest annual building industry tradeshow in the United States. It features dozens of exhibitors that display their goods and services that are of interest to builders, contractors,

architects, owners, and others in the residential and commercial construction industry. Construction materials suppliers like CertainTeed are regular exhibitors at the International Builders' Show. In addition, representatives of the energy industry are regular exhibitors. For the 2010 International Builders' Show, energy industry representatives scheduled to attend as exhibitors included the following: American Gas Association (natural gas), American Natural Gas & Propane Industries (natural gas and propane), the Southern Gas Association (natural gas), Southwest Gas Corporation (natural gas).

20.     Energen personnel have attended the International Builders' Show for a number of years and have participated as both attendees and as representatives of the natural gas industry. In those capacities, Energen personnel have promoted the ENERGEN brand and the company's products, as well as natural gas as a cost-effective and clean burning alternative for builders, contractors, and owners seeking energy sources for residential and commercial buildings. Energen personnel attended the 2010 International Builders' Show.

21.     Shortly before that trade show, CertainTeed issued one or more press releases announcing the introduction of its "Energen" solar roofing panel system at that trade show. Upon receiving notice of one of those press releases, Energen's counsel sent a demand letter to CertainTeed and Energy Conversion Devices that informed CertainTeed and Energy Conversion Devices of Energen's exclusive

nationwide rights in the ENERGEN mark, and expressed Energen's concerns over CertainTeed and Energy Conversion Devices's use of that mark to identify their solar panel roofing system product. Energen expressly noted that their marketing and sale of a solar energy roof system is directly competitive with Energen's providing of natural gas energy solutions to consumers, and that their unauthorized use of the ENERGEN mark to identify its consumer energy product is likely to cause confusion, or mistake, or to deceive as to the source of the products, or the approval or sponsorship of CertainTeed and Energy Conversion Devices's products by Energen. A true and correct copy of the demand letter sent to CertainTeed and Energy Conversion Devices is attached as Exhibit A to this Complaint.

22. After receipt of the demand letter, and being placed on notice of Energen's rights in the ENERGEN mark, CertainTeed and Energy Conversion Devices continued to intentionally and willfully use the ENERGEN mark. They displayed and advertised the ENERGEN mark with their solar panel roofing system product at the 2010 International Builders' Show in Las Vegas. In addition, on January 19, 2010, both CertainTeed and Energy Conversion Devices issued separate press releases that promoted their solar panel roofing system product using the ENERGEN mark.

23. In addition, CertainTeed (but not Energy Conversion Devices), filed a

preemptive declaratory judgment lawsuit against Energen in the United States District Court for the Southern District of New York. That declaratory judgment lawsuit seeks a declaration that CertainTeed has not violated the federal Lanham Act and has not violated the trademark, unfair competition, trade practices, or consumer protection laws of "any" (unspecified) state. Despite the facts that CertainTeed has filed a preemptive declaratory judgment lawsuit after receiving actual notice of Energen's federal trademark rights, the declaratory judgment action also seeks an award of attorneys' fees against Energen.

24. On information and belief, CertainTeed and Energy Conversion Devices continue to intentionally and willfully use the ENERGEN mark to identify their solar panel roofing system. That use is an intentional and willful infringement on Energen's rights in the ENERGEN mark. Energen has suffered, and unless their conduct is enjoined by the court, Energen will continue to suffer irreparable injury as a result of CertainTeed and Energy Conversion Devices' actions.

## COUNT ONE
### (False Designation of Origin -- 15 U.S.C. § 1125(a))

25. Energen incorporates the allegations of Paragraphs 1 through 24 of this Complaint as if fully set forth herein.

26. CertainTeed and Energy Conversion Devices, willfully and intentionally have, on or in connection with their goods or services, used in commerce the ENERGEN Mark or a mark or marks confusingly similar to the ENERGEN Mark, and other false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact which are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of their products or services with Energen, or as to the origin, sponsorship, or approval of Little Lots' goods, services, or commercial activities by Energen.

27. CertainTeed and Energy Conversion Devices willfully and intentionally have, on or in connection with their goods or services, used in commerce the ENERGEN mark or a mark or marks confusingly similar to the ENERGEN mark, and other false designations of origin, false or misleading descriptions of fact, or false or misleading representations of fact which, in commercial advertising or promotion, misrepresents the nature, characteristics, or qualities of their goods, services, or commercial activities.

28. CertainTeed and Energy Conversion Devices have damaged Energen in an amount to be determined at trial. CertainTeed and Energy Conversion Devices also have caused Energen irreparable harm, and Energen will continue to

be irreparably harmed unless and until CertainTeed and Energy Conversion Devices' unlawful conduct is enjoined.

## COUNT TWO
### (Federal Trademark Infringement - 15 U.S.C. § 1114)

29. Plaintiffs incorporate the allegations of Paragraphs 1 through 28 of this Complaint as if fully set forth herein.

30. CertainTeed and Energy Conversion Devices willfully and intentionally have used in commerce a reproduction, counterfeit, copy, or colorable imitation of the federally registered ENERGEN mark, in connection with the sale, offering for sale, distribution, or advertising of goods and services. CertainTeed and Energy Conversion Devices's use of the ENERGEN mark or marks confusingly similar to that mark is likely to cause confusion, or to cause mistake, or to deceive.

31. CertainTeed and Energy Conversion Devices's have damaged Energen in an amount to be determined at trial. CertainTeed and Energy Conversion Devices also have caused Energen irreparable harm, and Energen will continue to be irreparably harmed unless and until CertainTeed and Energy Conversion Devices's unlawful conduct is enjoined.

## COUNT THREE
### (Dilution of Mark -- Ala. Code § 8-12-17)

11

32. Plaintiffs incorporate the allegations of Paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. CertainTeed and Energy Conversion Devices's commercial use of the ENERGEN marks in connection with the advertising, marketing, sale and offer for sale of their solar panel roofing system has caused and will continue to cause injury to the business reputation of Energen and dilution of the distinctive quality of the ENERGEN mark in violation of Ala. Code § 8-12-17.

34. Plaintiffs are informed and believe that CertainTeed and Energy Conversion Devices have used the ENERGEN mark with the willful intent to trade on Energen's reputation and/or to cause dilution of the ENERGEN mark, in violation of Ala. Code § 8-12-17.

35. CertainTeed and Energy Conversion Devices' unlawful and willful use of the ENERGEN mark has injured Energen's business reputation and diluted the distinctive quality of the ENERGEN mark, causing Energen irreparable harm. Energen will continue to be irreparably harmed unless CertainTeed and Energy Conversion Devices' unlawful conduct is enjoined.

### COUNT FOUR
**(Alabama Common Law Palming Off)**

36. Plaintiffs incorporate Paragraphs 1 through 35 of this Complaint as if set forth fully herein.

37. CertainTeed and Energy Conversion Devices' actions constitute unfair competition by "palming off" under Alabama law. CertainTeed and Energy Conversion Devices have "palmed off" their goods and services offered under the "Energen" name as being goods and services offered by, approved by, or affiliated with Energen. CertainTeed and Energy Conversion Devices' goods and services are marketed in a manner that is confusingly similar to goods and services offered by Energen. CertainTeed and Energy Conversion Devices' activities are likely to confuse customers who are buying with ordinary care.

38. Plaintiffs have no adequate remedy at law.

39. Plaintiffs have been damaged in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Energen requests entry of judgment in its favor and against Defendants CertainTeed and Energy Conversion Devices as follows:

A. For preliminary and permanent injunctions restraining and enjoining CertainTeed and Energy Conversion Devices, their agents, servants and employees, and those persons in active concert, conspiracy, or participation with them, from using the ENERGEN name and mark or colorable imitations of the ENERGEN mark in connection with the advertising, marketing, promotion, or operation of any activity.

B. For an accounting by CertainTeed and Energy Conversion Devices of all gains, profits and advantages derived from their unlawful activities, such amount to be trebled pursuant to 15 U.S.C. § 1117(a) by virtue of their willful conduct;

C. For an award of compensatory damages in an amount to be proven at trial, such amount to be trebled pursuant to 15 U.S.C. § 1117(a) by virtue of CertainTeed and Energy Conversion Devices' willful conduct;

D. For an award of Energen's costs of suit, including reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117, because CertainTeed and Energy Conversion Devices' actions have been willful, deliberate, malicious and fraudulent;

E. For compensatory damages as are available at common law, and punitive damages as may be awarded by the Court; and

F. For such other and further relief as this Court may deem just and proper.

_____
Joseph B. Mays, Jr.
Michael S. Denniston
Brian M. Vines
One of the Attorneys for Plaintiff
Energen Corporation

<u>OF COUNSEL</u>

Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800